1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GARRETT SMITH,

                              Plaintiff,

          v.

J COLEMAN,

                              Defendant.

CASE NO. 3:20-cv-05319-RBL-JRC

ORDER TO SHOW CAUSE OR
AMEND PROPOSED COMPLAINT

        This matter is before the Court on plaintiff's application to proceed *in forma pauperis*. *See* Dkt. 1.  Plaintiff seeks to bring two types of claims—claims calling into question the validity of his underlying conviction, which must be brought in a habeas corpus petition, and claims under the Eighth Amendment related to his conditions of confinement, which must be brought in a 42 U.S.C. § 1983 matter.  Yet, plaintiff disavows that he is bringing either type of action.

        If he wishes to proceed on these claims, plaintiff must file a § 1983 complaint or habeas petition under 28 U.S.C. § 2254 on or before May 29, 2020.  If plaintiff fails to do so or if his amended complaint or petition fails to comply with the Court's Order, the undersigned will

1    recommend dismissal of this matter.  The Court will not grant plaintiff's *in forma pauperis*

2    application unless plaintiff complies with this Order.

3

4                                          **DISCUSSION**

5            Under 28 U.S.C. § 1915(e)(2)(B), this Court may dismiss a complaint at any time if

6    plaintiff proceeds or seeks to proceed *in forma pauperis* and fails to state a claim upon which

7    relief can be granted.

8            Plaintiff has requested to proceed *in forma pauperis*, but his complaint fails to state a

9    claim upon which relief can be granted and appears to be frivolous.  Plaintiff specifically states

10   that he does not wish to bring either a 42 U.S.C. § 1983 claim or a petition for habeas corpus.

11   *See* Dkt. 1, at 4.

12           Plaintiff appears to intend to bring state law tort claims in a case arising under this

13   Court's diversity jurisdiction.  *See* Dkt. 1, at 2.  His claims are deficient for the reasons identified

14   herein.

15           First, although plaintiff seeks to bring a non-§ 1983 claim for cruel and unusual

16   punishment, there is no freestanding cause of action for a constitutional violation.  Rather,

17   plaintiff must proceed under a statute providing for a private right of action, such as 42 U.S.C. §

18   1983.  As noted, plaintiff disavows that he intends to bring such a cause of action.  Dkt. 1, at 4.

19           Second, plaintiff appears to challenge the facts underlying his continued imprisonment,

20   asserting that he is imprisoned on false charges and a false conviction.  *See* Dkt. 1, at 2.  As this

21   Court has already informed plaintiff:

22           To obtain federal judicial review of a state conviction or sentence, a party must file
             a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and must first
23           exhaust his state judicial remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500
             (1973).

24

ORDER TO SHOW CAUSE OR AMEND PROPOSED
COMPLAINT - 2

1   Dkt. 5, at 2–3, *Smith v. Haynes*, 3:18-cv-5144-RBL (March 2, 2018).

2       If plaintiff wishes to proceed with claims that effectively attack his underlying conviction

3   and sentence, he must proceed by filing a § 2254 habeas petition, not by bringing some other

4   type of civil action.

5       Plaintiff's claims also fail to the extent that he relies on federal criminal statutes that he

6   alleges were violated.  Neither 18 U.S.C. § 3 nor § 4 creates a private right of action.  *E.g.*

7   *Pankey v. Webster*, 816 F. Supp. 553, 559 (W.D. Mo. 1993); *Gipson v. Callahan*, 18 F. Supp. 2d

8   662, 668 (W.D. Tex. 1997).  Although plaintiff cites to 18 U.S.C. § 1030 (concerning computer

9   fraud), he alleges no facts related to any form of fraud perpetuated using a computer.  *See*

10  *generally* Dkt. 1.  18 U.S.C. 1515, which plaintiff also cites, is merely a definitional statute.

11  **CONCLUSION AND DIRECTIONS TO PLAINTIFF AND CLERK**

12      Because plaintiff's claims under the Eighth Amendment are the type of claims that

13  should typically be brought in a § 1983 complaint, plaintiff is granted to leave to file a § 1983

14  complaint on the form provided by this Court.  Plaintiff should be aware that if he intends to

15  pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within

16  the amended complaint, he must write a short, plain statement telling the Court: (1) the

17  constitutional right plaintiff believes was violated; (2) the name or names of the person or

18  persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4)

19  how the action or inaction of each individual or entity is connected to the violation of plaintiff's

20  constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals'

21  conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

22      Plaintiff shall present the amended complaint on the form provided by the Court. The

23  amended complaint must be legibly rewritten or retyped in its entirety, it should be an original

24

ORDER TO SHOW CAUSE OR AMEND PROPOSED
COMPLAINT - 3

1    and not a copy, it should contain the same case number, and it may not incorporate any part of

2    the original complaint by reference. The amended complaint will act as a complete substitute for

3    the original complaint, and not as a supplement.  An amended complaint supersedes the original

4    complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on*

5    *other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).  Therefore, the

6    amended complaint must be complete in itself and all facts and causes of action alleged in the

7    original complaint that are not alleged in the amended complaint are waived.  *Forsyth,* 114 F.3d

8    at 1474. The Court will screen the amended complaint to determine whether it contains factual

9    allegations linking each defendant to the alleged violations of plaintiff's rights. The Court will

10   not authorize service of the amended complaint on any defendant who is not specifically linked

11   to a violation of plaintiff's rights.  Moreover, the Court will not grant plaintiff leave to proceed *in*

12   *forma pauperis* unless he otherwise satisfies the requirements of 28 U.S.C. § 1915.

13          If plaintiff fails to file an amended complaint or fails to adequately address the issues

14   raised herein **on or before May 29, 2020**, the undersigned will recommend dismissal of this

15   action pursuant to 28 U.S.C. § 1915.

16          Plaintiff may also choose to file a habeas petition under § 2254.  However, plaintiff is

17   warned that if he chooses to do so, his petition will be subject to dismissal if plaintiff has already

18   brought a habeas petition challenging his conviction or sentence unless plaintiff obtains

19   permission to bring a second or successive petition.

20          The Clerk is directed to send plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

21   civil rights complaint and for filing a 28 U.S.C. § 2254 petition.  The Clerk shall renote

22

23

24

ORDER TO SHOW CAUSE OR AMEND PROPOSED
COMPLAINT - 4

1  petitioner's *in forma pauperis* motion for consideration on May 29, 2020.  Plaintiff's response to

2  this show cause order is due on or before May 29, 2020.

3        Dated this 6th day of May, 2020.

4

5

6

7        J. Richard Creatura
        United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER TO SHOW CAUSE OR AMEND PROPOSED
COMPLAINT - 5