1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN GARRETT SMITH,<br><br>            Petitioner,<br><br>    v.<br><br>COLEMAN, HAYNES, AND JONES,<br><br>            Respondents. | CASE NO. 3:20-CV-05319-RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: August 28, 2020 |

The District Court has referred this action to United States Magistrate Judge J. Richard Creatura. On July 21, 2020, Petitioner John Garrett Smith filed this federal habeas Petition ("Second Petition"), pursuant to 28 U.S.C. § 2254, challenging his 2014 Clark County conviction. Dkt. 9. Having reviewed the Petition under the Rules Governing Section 2254 Cases, the Court finds that petitioner should not be granted leave to amend and finds that the Second Petition is the "functional equivalent" of a second or successive petition. Accordingly, the Court recommends that the Second Petition be dismissed.

- 1

## I. Background

In 2014, petitioner was convicted in the Clark County Superior Court of second-degree attempted murder and second-degree assault. Dkt. 9; *Smith v. Haynes,* Case No. 3:19-cv-05394-RBL at Dkt. 16-1 at 937. In 2019, petitioner filed a habeas petition ("First Petition") in this Court seeking relief from the 2014 state conviction. *See Smith v. Haynes,* Case No. 3:19-cv-05394-RBL. In the First Petition, petitioner raised four grounds for relief: (1) invalid restraint because the state never obtained a "judicially ratified indictment;" (2) fabrication of audio evidence; (3) theft of liberty based on an invalid search warrant; and (4) actual innocence. *Id.* at Dkt. 7. The Court found that petitioner had not shown that the state court's adjudication of Grounds 1 and 2 was contrary to, or an unreasonable application of, clearly established federal law. *Id.* at Dkt. 42, 54, 55. The Court further concluded that Grounds 3 and 4 failed to state cognizable federal habeas claims. *Id.* Petitioner's First Petition was denied on the merits. *Id.*

On April 2, 2020, petitioner filed the instant action. Dkt. 1. Petitioner initially filed a proposed civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of several criminal statutes and state law tort claims and challenging his continued imprisonment. Dkt. 1. On May 6, 2020, the Court ordered petitioner to file an amended § 1983 complaint or habeas petition pursuant to § 2254. Dkt. 5. On May 21, 2020, petitioner filed a proposed habeas corpus petition challenging his 2014 conviction of second-degree attempted murder and second-degree assault. Dkt. 6.

Based on the proposed habeas petition, the Court notified petitioner that the Court intended to recharacterize his § 1983 complaint as a habeas petition. *See* Dkt. 6, 7 (citing *Castro v. United States*, 540 U.S. 375, 382–83 (2003) (before recharacterizing a civil rights claim, a district court must "notify the *pro se* litigant that it intends to recharacterize the pleading, warn

the litigant that this recharacterization means that any subsequent [habeas petition] will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the [habeas] claims he believes he has[]")).  The Court also advised petitioner that his petition would be subject to dismissal if he has already brought a habeas petition challenging his conviction or sentence unless petitioner obtained permission to bring a second or successive petition. Dkt. 7.

Petitioner now files the Second Petition alleging four grounds for relief: (1) "hate crime against autism"; (2) fabrication of audio evidence (same claim raised in Ground 2 of the First Petition); (3) false search warrant (same claim related to the alleged use of false evidence to obtain a fraudulent conviction raised in Ground 3 of the First Petition); and (4) invalid restraint because the state never obtained a ratified indictment (same claim raised in Ground 1 of the First Petition). Dkt. 9.

**II. Discussion**

"Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." *Cooper v. Calderon,* 274 F.3d 1270, 1273 (9th Cir.2001). The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). Even if a petitioner can demonstrate he qualifies for § 2244(b)(2) exception, he must seek authorization from the court of appeals before filing his new petition with the district court. 28 U.S.C. § 2244(b)(3); *see Woods v. Carey,* 525 F.3d 886, 888 (9th Cir. 2008).

However, when the first petition is still pending in the district court, a subsequently filed petition is not a "second or successive petition." *Woods,* 525 F.3d at 890. Rather, where a new

*pro se* petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application. *Id.* at 888, 890. The reason for this rule is that in general "[a] petitioner who seeks to assert new claims before his first petition has been finally adjudicated is not, by any stretch, abusing the writ," but "is instead attempting, as the abuse-of-the-writ doctrine requires, to litigate all available claims in a single proceeding." *Goodrum v. Busby,* 824 F.3d 1188, 1194 (9th Cir. 2016).

Petitioner filed his First Petition challenging the same 2014 Clark County conviction challenged in the Second Petition. *See Smith v. Haynes,* Case No. 3:19-cv-05394-RBL; Dkt. 9. Petitioner filed the Second Petition on July 7, 2020. Dkt. 9 (the date the Second Petition was placed in the prison mailing system); *See Patterson v. Stewart*, 251 F.3d 1243, 1245 n. 2 (9th Cir. 2001) (Under the prison "mailbox rule," a petition is deemed filed for purposes of AEDPA's statute of limitations the moment it is delivered to prison authorities for forwarding to the clerk of the district court.). On July 27, 2020, the Court denied the First Petition on the merits and entered a judgment. *See Smith v. Haynes,* Case No. 3:19-cv-05394-RBL. Petitioner asserts one new claim in the Second Petition but does not argue he is seeking to have all claims heard in a single proceeding. However, as Petitioner's First Petition was still pending at the time the Second Petition was filed, the Second Petition should be construed as a motion to amend the First Petition. *See Woods,* 525 F.3d at 890; *Rust v. Hall,* 346 F. App'x 163, 166 (9th Cir. 2009) (when a pro se petitioner files a new, second petition before the first petition is decided, the district court must treat the new one as a motion to amend rather than as a second and successive petition).

1   "[T]he decision to grant a motion to amend is committed to the sound discretion of the

2   district court and ... the district court may deny that leave where necessary to thwart tactics that

3   are dilatory, unfairly prejudicial or otherwise abusive." *Woods*, 525 F.3d at 889 (internal

4   quotations omitted). Equitable principles governing abuse of the writ of *habeas corpus*, the

5   application of which also is in the sound discretion of the district court, include the principle that

6   a petitioner's "conduct in relation to the matter at hand may disentitle him to the relief he seeks."

7   *McCleskey v. Zant*, 499 U.S. 467, 484-85 (1991) (quoting *Sanders v. United States*, 373 U.S. 1,

8   17-18 (1963)). The Supreme Court has expressly stated that "[n]othing in the traditions of habeas

9   corpus requires the federal courts to tolerate needless, piecemeal litigation, or to entertain

10  collateral proceedings whose only purpose is to vex, harass, or delay." *McCkeskey, supra* at 485

11  (quoting *Sanders*, 373 U.S. at 18). Thus, "[i]f a post-conviction motion has the effect of

12  circumventing these prohibitions against the abuse of the writ, it may be treated as the functional

13  equivalent of a 'second or successive'" habeas corpus petition. *Ching v. United States*, 298 F.3d

14  174, 179-80 (2nd Cir. 2002) (discussing § 2255 petitions).

15      In the Second Petition, petitioner raises three of the same grounds for relief that he raised

16  in his First Petition. Dkt. 9. Clearly, petitioner was aware of the factual predicate of these three

17  claims because he raised them in the First Petition. Moreover, petitioner could have been aware

18  of his "hate crime against autism" claim when his conviction became final and could have raised

19  this claim in his First Petition. All four claims, therefore, could have been adjudicated on the

20  merits in the First Petition.

21      Petitioner's tactics in this case and numerous other actions he has filed related to his

22  underlying conviction are abusive of the judicial process. Petitioner has now filed over twelve

23  separate actions related to his underlying conviction. *See e.g.* 3:18-CV-05194-RBL-DWC

24

(*habeas*, the Court previously denied a similar attempt by petitioner to amend his petition with duplicative claims); *Smith v. Haynes*, Case No. 3:18-cv-05061-BHS-TLF; 3:17-cv-06019-BHS-DWC (*habeas*); 3:18-cv-05061-BHS-TLF (*habeas,* when petitioner filed a third habeas petition in this Court, Magistrate Judge Theresa L. Fricke recommended the third petition be dismissed as successive because petitioner's tactics have been vexatious, harassing, and overall abusive of the judicial process); 3:18-cv-5144-RBL-JRC (§ 1983); 3:18-cv-5166-RBL-TLF (§ 1983); 3:18-cv-05191-RJB-TLF (§ 1983); 3:18-cv-05192-RBL-DWC (*mandamus*); 3:18-cv-05194-RBL-DWC (*mandamus*); 3:18-cv-05211-BHS (§ 1983); 318-cv-05221-RJB-JRC (§ 1983); 3:18-cv-05224-RBL-TLF (§ 1983); and 3:18-cv-05225-RBL-DWC (§ 1983). Also, in his First Petition, Petitioner has filed numerous pleadings asserting the illegality of his conviction and several premature appeals to the Ninth Circuit. *See Smith v. Haynes,* Case No. 3:19-cv-05394-RBL at Dkt. 18, 21, 32, 39, 56.

As petitioner's First Petition was denied on the merits, three of the claims raised in the Second Petition are duplicative of the claims alleged in his First Petition, petitioner was or could have been aware of new claim asserted in the Second Petition prior to filing the First Petition, and in light of his vexatious and abusive filings, the Court concludes that petitioner should not be granted leave to amend his First Petition, and the Second Petition should be denied as the "functional equivalent" of a second or successive petition. *See Ching* 298 F.3d at 179-80. "To extend *Woods* to allow the filing of new claims this late in the process would essentially nullify the rules about second and successive petitions created by the [AEDPA]." *Beaty v. Schriro,* 554 F.3d 780, 783 (9th Cir. 2009) (denying leave to amend after the district court had denied the petitioner's claims).

### III.    Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the Second Petition should be dismissed for lack of jurisdiction. Accordingly, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to the Second Petition.

### IV.    Conclusion

For the above stated reasons, the Court concludes that petitioner should not be given leave to amend the First Petition and the Second Petition (Dkt. 9) is the "functional equivalent" of a second or successive petition. Accordingly, the Court recommends this case be dismissed. The Court also recommends that the Court decline to issue a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

1    imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August 28,

2    2020, as noted in the caption.

3            Dated this 30th day of July, 2020.

4

5

6

7            _____

8            J. Richard Creatura
             United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 8